# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT SOLOMON,

    Plaintiff,

    v.                                                 Case No. 24-CV-345-SCD

ADRIANNA GALVIN, RYAN SHARP,
and DANIELLE L. SHELTON,

    Defendants.

## REPORT AND RECOMMENDATION

On April 16, 2024, Robert Solomon filed a *pro se* amended complaint against three individuals: Adrianna Galvin, Ryan Sharp and Danielle L. Shelton. *See* ECF No. 5. Solomon's amended complaint comes after I screened and dismissed his original complaint with leave to amend. *See* ECF No. 4. As explained herein, Solomon still has not stated a federal claim upon which relief may be granted. Consequently, I will recommend that the action be dismissed and that Solomon's fee-waiver request be denied as moot.

Solomon alleges that Shelton, a Milwaukee County circuit judge, violated his rights because "she wouldn't withdraw lawyer who offered several plea deal before she decided dismissal the stated that he his self a Danielle L. and district attorney withheld evidence against me." ECF No. 5 at 2. He indicates the court matter occurred on "January 28, 2023 a criminal case end February 22, 2024." *Id.* Solomon also states that Officers Galvin and Sharp arrested him and "refuse to take statement several different occasions involved me." ECF No. 5 at 3. The interaction with Galvin and Sharp allegedly took place on February 28, 2023

at Solomon's parents' home. *Id.* In terms of relief, Solomon requests: "hundred billon and to free my incarcerated family they railroad me disband Milwaukee Police Enforcement." *Id.* at 4.

In dismissing the original complaint (without prejudice), I concluded that Solomon failed to allege enough facts to plausibly state that the defendants violated his federal rights. ECF No. 4 at 2. The amended complaint contains the same summary accusation against Galvin and Sharp about refusing to take Solomon's statement. ECF No. 5 at 3. However, an arrest does not necessarily require a statement from the arrestee. Solomon does not suggest that the officers lacked probable cause to arrest him or otherwise violated his constitutional rights. Therefore, Solomon still fails to state a federal claim against Galvin and Sharp. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

As for the allegations against Judge Shelton, "[j]udges are immune from lawsuits seeking monetary damages, and that immunity extends even to acts made in bad faith or with malice." *Johnson v. McCuskey*, 72 F. App'x 475, 476 (7th Cir. 2003) (citations omitted). "Although judicial immunity is broad, it is not limitless. A judge does not enjoy immunity if he or she is acting in the 'clear absence of all jurisdiction,' rather than simply in 'excess of [the judge's] authority.'" *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 360–62 (1978)). "A judge is also amenable to suit for nonjudicial acts." *Kowalski*, 893 F.3d at 997 (citing *Stump*, 435 U.S. at 360–62). Neither exception applies here. Solomon complains of discretionary judicial decisions regarding attorney withdrawal and admission of evidence. Solomon should have raised any objections regarding Judge Shelton's handling of his state law matter directly in that case (and appealed

2

to the state courts, as appropriate).[1] Accordingly, Judge Shelton is immune from Solomon's federal suit to the extent it seeks monetary damages.

As for non-monetary relief, Solomon requests that his "family" be freed and that the Milwaukee Police Department be disbanded. ECF No. 5 at 4. The alleged facts do not tie a clear connection between these requests and the named defendants. A request to free another person who is incarcerated should be filed directly in that individual's case—not in a civil suit against the judge or officers who may or may not have been involved in the events leading to incarceration. Similarly, a summary request to disband the local police department has no place in a civil suit against two officers and a judge. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (finding a complaint that "lacks an arguable basis either in law or in fact" is frivolous) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Solomon fails to state a credible cause of action against any of the named defendants, I recommend that his case be dismissed. I cannot "resolve the case finally" because not all parties have had the opportunity to consent to magistrate-judge jurisdiction. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the following recommendations: (1) that this action be dismissed for failure to state a claim; (2) that Solomon's request to proceed in district court without prepaying the filing fee be denied as moot; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation.

---

[1] A review of public records reveals that Judge Shelton presided over a case against Robert Solomon involving a criminal complaint filed in January 2023 that was ultimately dismissed on February 22, 2024.

Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 3rd day of May, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge