# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT SOLOMON,<br><br>               Plaintiff,<br><br>v.<br><br>ADRIANNA GALVIN, RYAN SHARP, and DANIELLE L. SHELTON,<br><br>               Defendants. | Case No. 24-CV-345-JPS<br><br>**ORDER** |

**1.    INTRODUCTION**

In March 2024, Plaintiff Robert Solomon ("Plaintiff") filed a pro se complaint raising civil rights claims against three individuals: Adrianna Galvin ("Galvin"), Ryan Sharp ("Sharp"), and Danielle L. Shelton ("Shelton") (together, "Defendants"). ECF No. 1. Plaintiff also moved for leave to proceed without prepayment of the filing fee, also known as a motion for leave to proceed in forma pauperis. ECF No. 2. Magistrate Judge Stephen C. Dries screened the complaint and, finding that it failed to present sufficiently detailed facts to state a federal claim for relief, dismissed the complaint while giving Plaintiff leave to amend. ECF No. 4.

Plaintiff subsequently filed an amended complaint, ECF No. 5, but Magistrate Judge Dries again recommended that it be dismissed and that Plaintiff's motion for leave to proceed without prepayment of the filing fee be denied as moot. ECF No. 6. The parties were advised that written objections to Magistrate Judge Dries's Report and Recommendation ("R&R"), or any part thereof, could be filed within fourteen days of the date

of service of the R&R. *Id.* at 3–4 (citing General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b)). Plaintiff timely objected to the R&R. ECF No. 7. For the reasons stated herein, the Court will overrule Plaintiff's objections to Magistrate Judge Dries's R&R, adopt the R&R in full, and dismiss this case.

2.  **LEGAL STANDARD**

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

3.  **BACKGROUND**

Magistrate Judge Dries summarized the allegations in the amended complaint as follows:

> Solomon alleges that Shelton, a Milwaukee County circuit judge, violated his rights because "she wouldn't withdraw lawyer who offered several plea deal before she decided dismissal the stated that he his self a Danielle L. and district attorney withheld evidence against me." ECF No. 5 at 2. He indicates the court matter occurred on "January 28, 2023 a criminal case end February 22, 2024." *Id.* [at 3.] Solomon also states that Officers[1] Galvin and Sharp arrested him and "refuse to take statement several different occasions involved me." [*Id.*] The interaction with Galvin and Sharp allegedly took place on February 28, 2023 at Solomon's parents' home. *Id.* In terms of relief, Solomon requests: "hundred billon and

---

[1] In screening the original complaint, Magistrate Judge Dries noted that "Galvin and Sharp appear to be local law enforcement officers, but Solomon does not clearly identify their roles in the complaint." ECF No. 4 at 1. Solomon does not do so in the amended complaint either, but the Court agrees with Magistrate Judge Dries that Plaintiff implies that Galvin and Sharp are law enforcement officers.

to free my incarcerated family they railroad me disband Milwaukee Police Enforcement." *Id.* at 4.

ECF No. 6 at 1–2. As far as the Court can discern, Plaintiff makes no specific objection to how Magistrate Judge Dries characterized the facts. *See generally* ECF No. 7.

Magistrate Judge Dries determined that the amended complaint was subject to dismissal for three reasons. First and foremost, he found that "[t]he amended complaint contains the same summary accusation against Galvin and Sharp about refusing to take Solomon's statement." ECF No. 6 at 2 (citing ECF No. 5 at 3). Noting that "an arrest does not necessarily require a statement from the arrestee" and that "Solomon does not suggest that the officers lacked probable cause to arrest him or otherwise violated his constitutional rights," Magistrate Judge Dries determined that the amended complaint fails to state a federal claim against Galvin and Sharp. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Again, the Court discerns no specific objection by Plaintiff to this finding—he does not discuss Galvin and Sharp by name or generally as "officers," nor does he make any reference to his allegations about their failure to take his statement or any way in which they otherwise might have violated his constitutional rights. *See* ECF No. 7.

Next, Magistrate Judge Dries determined that Plaintiff's claims against Shelton—to the extent he seeks monetary damages—were subject to dismissal on the basis of judicial immunity. ECF No. 6 at 2–3 (quoting *Johnson v. McCuskey*, 72 F. App'x 475, 476 (7th Cir. 2003) and *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018)). He concluded that none of the limited exceptions to judicial immunity applied to allow Plaintiff's allegations against Shelton to proceed. *Id.* at 2 (quoting *Kowalski*, 893 F.3d at

997). He noted that Plaintiff's allegations related to "discretionary judicial decisions regarding attorney withdrawal and admission of evidence" were best raised "directly in that case (and appealed to the state courts, as appropriate)." *Id.* at 2–3 (footnote omitted). Plaintiff appears to object to this conclusion by Magistrate Judge Dries:

> How could Danielle L. Shelton immune when in the criminal she talk about Stephen C. Dries I come to the court house and seen Dries . . . and told him you myself when the criminal beeps we me and Danielle was saying his name if he watch the or review of public records of case dismissed against Solomon his high power judge status could been high status to find what and why their was beeps plus I came here myself and told Dries she not try to grant me med bills payed and any other request.

ECF No. 7.

Finally, Magistrate Judge Dries determined that Plaintiff's request for non-monetary relief, namely "that his 'family' be freed and that the Milwaukee Police Department be disbanded," could not proceed because "[t]he alleged facts do not tie a clear connection between these requests and the named defendants." ECF No. 6 at 3 (citing ECF No. 5 at 4). He further noted that a request to disband a police department is misplaced in a civil suit "against two officers and a judge." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). Again, Plaintiff does not appear to object specifically to this finding. *See* ECF No. 7.

4.   ANALYSIS

When a pro se litigant seeks to proceed without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a

Page 4 of 8
Case 2:24-cv-00345-JPS   Filed 05/24/24   Page 4 of 8   Document 8

claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Neitzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir.

2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Magistrate Judge Dries's recommendation of dismissal is appropriate for a variety of reasons. First, despite being given leave to amend his complaint and direction on correcting the pleading deficiencies therein, Plaintiff has again failed to make sufficiently detailed factual allegations to state a federal claim for relief against Galvin and Sharp. The officers' "refus[al] to take [a] statement" from Plaintiff is not sufficient to raise a federal constitutional claim—to the contrary, the Fifth Amendment protects the right to remain silent upon arrest. Plaintiff's limited factual allegations and conclusory assertions of wrongdoing by Galvin and Sharp, without more, are not enough to state a federal claim against them. Plaintiff has raised nothing in his objections that casts doubt on Magistrate Judge Dries's finding in this regard.

Similarly, the case cannot proceed against Shelton. Plaintiff's objections raise only conspiratorial allegations that Shelton is somehow colluding with Magistrate Judge Dries. Not only is this argument fantastical, but it also fails to rebut or even engage with Magistrate Judge Dries's finding that no exception to judicial immunity applies in this instance. Plaintiff has advanced no argument that Shelton was "acting in the 'clear absence of all jurisdiction'" or doing a "nonjudicial act." *Kowalski*, 893 F.3d at 997 (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). The Court has no independent basis to believe that Shelton was acting outside her jurisdiction or in a nonjudicial capacity. Accordingly, she cannot be held monetarily liable for her actions as Plaintiff has alleged them.

Last, Magistrate Judge Dries correctly determined that Plaintiff's requests for non-monetary relief are a poor fit with the allegations in his

amended complaint. In the absence of any specific objection to this finding by Plaintiff, the Court sees no reason to disturb it.

For all these reasons, the Court will adopt Magistrate Judge Dries's R&R in full and dismiss this case.

Accordingly,

**IT IS ORDERED** that Plaintiff Robert Solomon's objections to Magistrate Judge Stephen C. Dries's report and recommendation, ECF No. 7, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.